```
                UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF VIRGINIA
                     Alexandria Division
```

BOARD OF TRUSTEES, SHEET      )
METAL WORKERS' NATIONAL       )
PENSION FUND,                 )
    Plaintiff,             )
                           )
        v.                 )   Civil Action No. 1:12cv937
                           )
UNITED SIGN CORP.             )
    Defendant.             )
                           )

<u>REPORT AND RECOMMENDATION</u>

This matter came before the Court on plaintiff's Motion for Default Judgment (Dkt. 8.) When no representative for defendant appeared at the November 2, 2012 hearing, the undersigned Magistrate Judge took the matter under advisement to issue this Report and Recommendation.

### I. <u>INTRODUCTION</u>

**A. Background**

Plaintiff is the Board of Trustees of the Sheet Metal Workers' National Pension Fund ("NPF"). Plaintiff is comprised of fiduciaries of an employee benefit plan and a trust fund established and maintained under 29 U.S.C. § 186(c) and 29 U.S.C. § 1002. (Complaint ("Compl.") ¶¶ 3-5.)

Defendant is a corporation and employer in an industry

1

affecting commerce that does business with the plaintiff Fund. (Id. ¶ 7.) At all times relevant to this action, defendant was a party to a collective bargaining agreement with Sheet Metal Workers' International Association, Local Union No. 2 ("the Union"). (Id. ¶¶ 10-11.) Defendant also agreed to abide by the terms of the agreements and declarations of trust ("Trust Agreements") establishing the Fund. (Id. ¶ 11.)

Plaintiff filed this action under §§ 502 and 515 of the Employee Retirement Income Security Act ("ERISA"), as amended, 29 U.S.C. §§ 1132(g)(2) and 1145, which govern suits among parties to enforce provisions of their collective bargaining agreements. Plaintiff seeks unpaid contributions in the form of withdrawal liability, interest, liquidated damages, and attorneys' fees and costs pursuant to ERISA and the collective bargaining agreement with the Union.

## B. Jurisdiction and Venue

Jurisdiction and venue are conferred upon this Court by 29 U.S.C. §§ 1132 and 1451. Where an action is brought under Sections 502 and 515 of ERISA in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found. 29 U.S.C. § 1132(e)(2). Moreover, a

suit for breach of contract between an employer and a labor organization representing employees in an industry affecting commerce may be brought in federal district court, regardless of the amount in controversy or citizenship of the parties. 29 U.S.C. §§ 185(a). The plaintiff Fund bringing this action is administered in this district. (Compl. ¶ 6.)

This Court has personal jurisdiction over defendant pursuant to the decision in Bd. of Trs., Sheet Metal Workers Nat'l Pens. Fund v. McD Metals, Inc., 964 F. Supp. 1040, 1045 (E.D. Va. 1997). Defendant does business with plaintiff that is sufficient to create personal jurisdiction over defendant in this district, and a substantial part of the events or omissions giving rise to the claim occurred in this district.

### C. Service of Process

On September 7, 2012, plaintiff's private process server served defendant by delivering a copy of the original Complaint and Summons to Lori Legendre, defendant's office manager, at 4900 Lister Avenue Kansas City, MO 64130. (Dkt. 4.) Therefore, service was proper under both Federal Rule of Civil Procedure 4(e) and 29 U.S.C. § 1132(e)(2), which provides that process may be served in any district where a defendant resides or may be found.

### D. Grounds for Default Judgment

Defendant has not appeared, answered, or otherwise filed any responsive pleadings in this case. On October 10, 2012, the Clerk of this Court entered default pursuant to plaintiff's Request for Entry of Default and Federal Rule of Civil Procedure 55. (Dkt. 7.) Plaintiff filed its Motion for Default Judgment on October 26, 2012. (Dkt. 8.)

## II. FINDINGS

Based on the Complaint, plaintiff's Motion for Default Judgment and the supporting Memorandum, the Declaration of Alex Dyer, the Declaration of Sarah G. Naji, and the documents submitted in proof of damages, the undersigned makes the following findings of fact.

Plaintiff brings this action under §§ 502 and 515 of ERISA. (Compl. ¶¶ 1, 3, 5; Mem. Supp. Mot. Default J. 2.) Defendant owes plaintiff certain obligations pursuant to the terms of the collective bargaining agreement, and the Trust Agreements for the Fund (collectively, "the Agreements"). (Compl. ¶¶ 11-21.) The Sheet Metal Workers' International Association Local Union No. 2 approved the labor contract on plaintiff's behalf. (Compl. ¶¶ 10-11; Dyer Decl. ¶ 5 (Dkt. 10).)

Plaintiff determined that defendant had withdrawn from

4

plaintiff Fund in a "complete withdrawal" on or about December 1, 2011. (Compl. ¶ 12; Dyer Decl. ¶ 7.) Pursuant to ERISA and the Agreements, defendant is required make a withdrawal payment to plaintiff Fund upon a complete withdrawal. (Compl. ¶ 13; Dyer Decl. ¶ 8.) The Agreements require that the failure of defendant to timely pay a withdrawal liability payment is treated as if defendant failed to pay required contributions under the Agreements. (Compl. ¶ 19; Mem. Supp. Mot. Default J. 4-5.)

Defendant received a Notice and Demand for the withdrawal payment on or about December 12, 2011 informing defendant that defendant had incurred $197,221.02 in withdrawal liability and that the amount was payable in quarterly payments. (Compl. ¶¶ 14-15; Dyer Decl. ¶ 9.) Defendant has failed to make the required withdrawal liability payment. (Dyer Decl. ¶ 12.) Pursuant to ERISA and the Agreements, defendant is liable to the Fund for this withdrawal payment, which is treated as a delinquent contribution, in the amount of $197,221.02. (Dyer Decl. ¶ 13.)

Pursuant to the Agreements and under § 502(g)(2) of ERISA, plaintiff is entitled to recover any unpaid contributions as well as late fees, interest, liquidated damages, and attorneys'

fees for unpaid contributions.[1] (Mem. Supp. Mot. Default J. 5.)

**A. Contributions and Fees**

Under ERISA and the Agreements, the Fund may recover the following: (1) the full amount of the withdrawal liability payment; (2) interest on the withdrawal liability payment to be calculated at a rate of 0.0233 percent per day, compounded daily, until the date paid; (3) liquidated damages in an amount equal to the greater of (i) the interest on the withdrawal liability payment, or (ii) 20 percent of the withdrawal liability payment; and (4) reasonable attorneys' fees. (Compl. ¶ 21; Mem. Supp. Mot. Default J. 4-6.) The amounts now due are summarized as follows: $197,221.02 in withdrawal liability; $8,777.28 in interest[2]; and $39,444.20 in liquidated damages. (Dyer Decl. ¶ 13, Ex. D (Dkt. 10-4).)

**B. Attorneys' Fees and Costs**

Plaintiff also requests attorneys' fees in the amount of $1,478.50 based on 0.7 hours of counsel time at a rate of $290 per hour, 2.0 hours of counsel time at a rate of $260 per hour,

---

[1] As mentioned, the failure of defendant to make a timely withdrawal liability payment is treated in the same manner as a delinquent contribution. (Mem. Supp. Mot. Default J. 5.)
[2] This interest is calculated at .0233% per day, compounded daily from August 11, 2012 through October 15, 2012. (Dyer Decl. ¶ 13.)

0.3 hours of legal assistant time at a rate of $150 per hour, and 4.9 hours of legal assistant time at a rate of $145 per hour. (Naji Decl. ¶ 5.) Plaintiff also requests an award of costs in the amount of $823.33. (Id. ¶ 6.) In support of this request, plaintiff submitted the Declaration of Sarah G. Naji and a time and expense report from Slevin & Hart, P.C. (Dkts. 11 and 11-1.)

The undersigned finds that the amounts submitted are reasonable compensation for work necessarily expended to enforce plaintiff's rights. If further action is required to enforce and collect this judgment, plaintiff may apply to this Court or to the court in which enforcement is sought for reasonable attorneys' fees and costs in addition to those set out in this Report and Recommendation.

### III. RECOMMENDATION

The undersigned recommends that plaintiff should recover from defendant **$197,221.02,** the withdrawal liability payment. Plaintiff should also recover **$8,777.28** in interest calculated at 0.0233 percent, compounded daily from August 11, 2012 through October 15, 2012, and **$39,444.20** in liquidated damages.

Finally, the undersigned recommends that plaintiff should recover from defendant **$2,301.83** in attorneys' fees and costs.

## IV. NOTICE

The parties are advised that exceptions to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of its service. Failure to object to this Report and Recommendation waives appellate review of any judgment based on it.

The Clerk is directed to send a copy of this Report and Recommendation to all counsel of record and to defendant at:

    United Sign Corp.
    4900 Lister Avenue
    Kansas City, MO 64130

                                        /s/
                              THERESA CARROLL BUCHANAN
                              UNITED STATES MAGISTRATE JUDGE

December 7, 2012
Alexandria, Virginia